UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON MEYER and KIMBERLY ROBINSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO: 1:18-cv-204 ) |
| FRANKLIN COUNTY, INDIANA, | ) ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiffs, Shannon Meyer ("Meyer") and Kimberly Robinson ("Robinson") (collectively "Plaintiffs"), bring this action alleging that Defendant, Franklin County, Indiana ("Defendant"), violated Plaintiffs' rights as protected by the public policy outlined in *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 370 (Ind. 1988), and Meyer's rights as protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

## PARTIES

2. Meyer has resided in the Southern District of Indiana at all relevant times.

3. Robinson has resided in the Southern District of Indiana at all relevant times.

4. Defendant is a municipal subdivision located in the Southern District of Indiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Meyer's federal claim pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §

1367(a).

6. Meyer is an "employee" within the meaning of 29 U.S.C. § 630(f).

7. Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b).

8. Meyer satisfied her obligations to exhaust her administrative remedies, having filed a tort claim notice with Defendant on or around July 10, 2017, and a Charge of Discrimination with the Equal Employment Opportunity Commission on or around July 13, 2017. The EEOC issued a right-to-sue notice on October 27, 2017.

9. Robinson satisfied her obligations to exhaust her administrative remedies, having filed a tort claim notice with Defendant on July 7, 2017.

10. Venue is proper in the Court because Plaintiffs' causes of action arose in Franklin County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

11. Defendant hired Meyer as its Chief Deputy Auditor on or around July 8, 2016.

12. Defendant hired Robinson on or around February 14, 2008, and at all relevant times, Robinson's position with Defendant was Deputy Auditor/Payroll Deputy.

13. At all relevant times, Plaintiffs' work performance met Defendant's reasonable expectations.

14. At various times during their employment, Defendant–through County officials including County Commissioners, the County Clerk, the County Treasurer, th Circuit Court Judge, and various department heads–instructed Plaintiffs to perform illegal acts for which they could be personally liable.

15. The illegal acts that Robinson was instructed to perform include, but are not limited to, paying some county employees twice for the same holiday, authorizing sick pay for employees who were not entitled to it, and hiding potential ghost employment situations.

16. The illegal acts that Meyer was instructed to perform include, but are not limited to, paying employees amounts beyond those authorized in the salary ordinance and making improper adjustments to transactions to balance other departments' accounts.

17. Plaintiffs reported these issues to the State Board of Accounts during an audit.

18. On or around January 16, 2017, Defendant terminated Plaintiffs.

19. The person hired to replace Meyer is substantially younger and has less experience than Meyer.

20. Defendant terminated Plaintiffs because they refused to perform illegal acts in violation of Indiana common law and the public policy recognized in *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 370 (Ind. 1988).

21. Defendant terminated Meyer because of her age, in violation of her rights as protected by the ADEA.

## CAUSES OF ACTION

### COUNT I - AGE DISCRIMINATION

22. Plaintiffs incorporate by reference paragraphs 1-21 of their Complaint.

23. Defendant terminated Meyer because of her age.

24. Defendant treated Meyer's similarly-situated younger co-workers more favorably than Meyer.

25. Defendant's actions were intentional, willful, and done in reckless disregard of Meyer's

rights under the ADA

## COUNT II - WRONGFUL TERMINATION
### *McClanahan v. Remington Freight Lines, Inc*., 517 N.E.2d 370 (Ind. 1988)

26. Plaintiffs incorporate paragraphs 1-25 of their Complaint.

27. Defendant terminated Plaintiffs in violation of the public policy outlined in *McClanahan v. Remington Freight Lines, Inc*., 517 N.E.2d 370 (Ind. 1988), by terminating them because they refused to perform illegal acts for which they could be held personally liable.

28. Defendant has accorded more favorable treatment to similarly-situated employees who did not refuse to perform illegal acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court find for them and order that Defendant:

1. Reinstate Plaintiffs to the same positions, salary, and seniority, or in the alternative, pay front pay in lieu of reinstatement.

2. Pay lost wages and benefits to Plaintiffs.

3. Pay compensatory damages to Plaintiffs.

4. Pay liquidated damages to Meyer.

5. Pay pre- and post-judgment interest to Plaintiffs.

6. Pay Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing this matter; and

7. Provide to Plaintiffs all other legal and/or equitable relief that this Court finds appropriate

and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 28437-49

## JURY DEMAND

Plaintiffs respectfully request a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

Attorney for Plaintiffs
Shannon Meyer and Kimberly Robinson

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email:         jhaskin@jhaskinlaw.com
               sadams@jhaskinlaw.com